■ THE PEOPLE OF THE STATE OF NEW YORK, Respondent, v STEVEN HASKINS, Appellant.—Appeal by the defendant from a judgment of the County Court, Westchester County (Danaher, J.), rendered September 30, 1985, convicting him of robbery in the first degree, robbery in the second degree, grand larceny in the third degree, petit larceny, criminal use of a firearm in the first degree, and criminal use of a firearm in the second degree, upon a jury verdict, and imposing sentence.

Ordered that the judgment is affirmed.

The defendant was convicted for his participation in the armed robbery of a taxi-cab driver. His codefendant's conviction was affirmed by this court in *People v Williams* (142 AD2d 310). The underlying facts of this case are set forth in that decision.

The defendant argues that the trial court committed reversible error by permitting the People and the codefendant to cross-examine him as to the underlying facts of a previous attempted robbery conviction, notwithstanding that the court in its *Sandoval* ruling directed that the defendant could be cross-examined only as to the *fact* of that conviction. We disagree.

The defendant failed to register specific objections to the cross-examination, and has thereby failed to preserve his argument for appellate review *(see, People v Fleming,* 70 NY2d 947; *People v Irby,* 112 AD2d 447). In any event, the record reveals that the court generally kept the cross-examination within the bounds of its *Sandoval* ruling, and, at most, allowed a limited amount of further cross-examination only after the defendant himself went beyond the fact of conviction by attempting to downplay the circumstances of the prior crime. Under the circumstances, and considering the overwhelming proof of defendant's guilt, any arguable error in this regard was harmless *(see, People v Crimmins,* 36 NY2d 230).

We have examined the defendant's remaining contentions and find them to be unpreserved for appellate review or without merit. Rosenblatt, J. P., Miller, O'Brien and Ritter, JJ., concur.